(No. 18699.—Cause transferred.)
EUGENE BROWN, Appellee, *vs.* MILTON N. PIERSON,
Appellant.

*Opinion filed April 21, 1928.*

APPEALS AND ERRORS—*freehold is not involved in decree enjoin-
ing violation of building restriction.* A decree granting an injunc-
tion to restrain violation of a building restriction, and dismissing,
on the ground that it is not germane to the original bill, a cross-
bill seeking to enjoin violation of the restriction by the complain-
ant does not involve a freehold, and where an appeal is taken
directly to the Supreme Court it will of its own motion transfer
the cause to the Appellate Court.

APPEAL from the Circuit Court of Peoria county; the
Hon. JOSEPH E. DAILY, Judge, presiding.

MILLER, ELLIOTT & WESTERVELT, (BRUCE E. DWIN-ELL, of counsel,) for appellant.

BARNETT, WILSON & TICHENOR, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellee, Eugene Brown, filed a bill in chancery in the circuit court of Peoria county to enjoin and restrain appellant, Milton N. Pierson, from violating certain building restrictions. In his bill he made these allegations: He is the owner of lot 4 in a subdivision to the city of Peoria known as Fairmount subdivision. He and his wife conveyed lot 16 and a part of lot 17 in said subdivision to Lena Clare Washburn, who conveyed the same to appellant. The deeds conveying said lots contained, among others, the following building restrictions: "No garage * * * shall be erected thereon nearer than fifty feet of front line, and * * * the main wall of dwellings on the premises herein conveyed shall be at least twenty-five feet from the front lot line thereof. * * * The foregoing restrictions, covenants and conditions are made for the benefit of the owners and purchasers of any and all lots in said Fairmount subdivision." It is further alleged in the bill that appellant is constructing on lots 16 and 17 a dwelling house, the main walls of which are less than twenty-five feet from the front line of the lot. Appellant's demurrer to the bill was overruled, and he answered admitting the restrictions but denying that the main wall, or any part thereof, extended nearer than twenty-five feet from the front line. He averred in his answer that the alleged violations of the restrictions are common to all the lots in the subdivision. He further averred that appellee, in violation of the restrictions, had erected a garage on lot 4 in the subdivision within ten feet of the front line; that all of

the violations had been committed within the knowledge of appellee and every other owner in the addition, and that by reason of the violations so permitted the restrictions had been waived. A replication was filed to the answer by appellee. Appellant filed a cross-bill, charging, in substance, that appellee had violated the same restrictions by building a garage on lot 4 within ten feet of the front line thereof and by erecting a dwelling on lot 47, within the subdivision, within seventeen feet of the front line, and prayed for an injunction in restraint of such violations. An answer was filed to the cross-bill by appellee and a replication was filed to that answer. The cause was referred to the master in chancery. Exceptions to the master's report were overruled and a decree was entered by the court dismissing the cross-bill because it was not germane to the original bill, and granting the writ of injunction and the relief prayed in the original bill. The appeal is direct to this court.

This court has no jurisdiction of the appeal. A direct appeal from the circuit court to this court in such a case lies only when a freehold is involved. We have repeatedly ruled that this court will not consider a case brought to it when it has no jurisdiction of it, and that it will of its own motion transfer or dismiss a case in which it has no jurisdiction, in accordance with the rights of the parties under the law. Jurisdiction is the first question that should be determined by counsel before taking a case to either the Appellate or Supreme Court by appeal or writ of error.

The cause is transferred to the Appellate Court for the Second District.